```
 1                  UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA
 2                         MIAMI DIVISION
                    CASE NO.  08-20551-CIV-SEITZ
 3

 4   JAMES PENDERGAST
     individually and on behalf of
 5   all others similarly situated,

 6                 Plaintiff.

 7        vs.

 8                                          Miami, Florida
                                            September 18, 2008
 9   SPRINT NEXTEL CORPORATION and
     SPRINT SOLUTIONS, INC.
10
                   Defendants.
11   _____
                       TRANSCRIPT OF HEARING
12                        E X C E R P T
                 BEFORE THE HONORABLE PATRICIA SEITZ
13                  UNITED STATES DISTRICT JUDGE

14   APPEARANCES:

15   FOR THE PLAINTIFF:
                            HomerBonner
16                          BY:  WILLIAM G. WOLK, ESQ.
                            BY:  DOUGLAS F. EATON, ESQ.
17                          The Four Seasons Tower
                            1441 Brickell Avenue, Suite 1200
18                          Miami, Florida 33131
                            99 N.E. 4th Street
19                          Miami, Florida 33132

20   FOR THE DEFENDANT:
                            DOW LOHNES, PLLC
21                          BY:  MICHAEL KOVAKA, ESQ.
                            Six Concourse Parkway, Suite 1800
22                          Atlanta, Georgia 30328
     (continued)
23
     REPORTED BY:           DAWN M. WHITMARSH, RPR
24                          Official Court Reporter
                            400 N. Miami Avenue, 10S03
25                          Miami, Florida  33128
                            Telephone:  305-523-5598
```

```
 1   APPEARANCES:
                    HUNTON & WILLIAMS
 2                  BY:   COREY LEE, ESQ.
                    BY:   LAURIE UUSTAL MATHEWS, ESQ.
 3                  1111 Brickell Avenue
                    Suite 2500
 4                  Miami, Florida 33131

 5                         * * * * *

 6         THE COURT:  Okay.  How much time will you need, Mr. Wolk?

 7         MR. WOLK:  Your Honor, we'll take a traditional 10 days

 8   for response.

 9         THE COURT:  Ten calendar days?

10         MR. WOLK:  Please, Your Honor.  We'll take ten.  Ten

11   calendar is sufficient.

12         THE COURT:  Okay.  Given that circumstance, there's no way

13   that I'm going to get anything out before the 17th.  So if you all

14   need more time, take more time.  But if you don't, I've given you

15   the option, you don't have -- I've made you an offer, if you don't

16   accept it, then we'll stick with the dates that you'll file your

17   supplement on the 29th, you'll file the response on the 9th.

18         Is that okay with you, Mr. Wolk?

19         MR. WOLK:  I see no reason why not, Your Honor.

20         THE COURT:  Okay.  And you'll file your reply by the 14th.

21         Did you say calendar days or did you want business days?

22         MR. KOVAKA:  I guess business days since it's only five

23   days.  And if we can file -- I mean, we'll file as quickly as we

24   can.

25         THE COURT:  So that's the 16th.  You'll file yours on the
```

1  16th?

2       MR. KOVAKA:  Yes.

3       THE COURT:  Okay.  Thank you all very much.  I truly
4  appreciate the time that you all have given me here today because
5  you filed a lot, there's a lot of issues and I appreciate very
6  much your preparation before coming in.

7       MR. WOLK:  Your Honor, may I ask one question?

8       THE COURT:  Uh-huh.

9       MR. WOLK:  What we found is we're often constrained by the
10 20 page limit for the replies.  Can we have a waiver of the page
11 limit?  We'll use it judiciously.

12      THE COURT:  I have found that by forcing you all to be
13 within the 20 pages, I force you to be more laser-like.  I mean, a
14 lot of lawyers can't be laser-like, but I need to force them
15 because remember, I get in a thousand pieces of paper a day.  I
16 need you to really exercise the same restraint as you would do in
17 closing argument.  When you have only X amount of time, you've
18 tried the case, help tee it up by showing me what is critical.  To
19 me, the legal issue is as I've framed it for the defendant.

20      In other words, I think you all are -- you've turned me
21 around from where I was in the beginning, I think I do need to
22 consider the issue that I have framed which brings in the class
23 action issue in deciding the procedural and substantive
24 unconscionability.  I do recognize and you will want to address
25 this because I'm sure that they will frame this issue that even

1  with all -- presuming all of the procedural unconscionability,
2  that when you really look at the facts, it's not the substantive
3  unconscionability, so thank you very much, but judge, you cannot
4  decide that and this particular case nullifies the arbitration
5  provision.
6          MR. WOLK:  So if I understand the court correctly, you
7  want us to address both the court's jurisdiction under the
8  arbitration clause and then, assuming there's jurisdiction, argue
9  the procedural and substantive unconscionability issues?
10         MR. KOVAKA:  May I?
11         THE COURT:  Let me make sure that I understand what he was
12 asking.  Okay.  I think yes, because based upon the end of your
13 argument and my framing of the issue, to me the jurisdiction
14 question of whether or not this is a valid and enforceable
15 arbitration claim rests on the last sentence of Paragraph Number
16 Six of the arbitration agreement.  That because it is in the
17 format of a class action, I need to decide that issue.  If I find
18 that it is unconscionable, then it stays here.  If I find that it
19 is not unconscionable, then it is a binding arbitration agreement
20 and it goes to arbitration.
21         MR. WOLK:  Okay.  And this is perhaps me being obtuse and
22 I apologize, Your Honor.  The task you've presented is one that I
23 completely understand.  I guess my question was does that mean you
24 don't want us to argue essentially the factual issues and the
25 merits of whether this particular clause is procedurally or

1  substantive unconscionable based on the record?
2       THE COURT:  Haven't you sort of done that in your papers
3  already?
4       MR. WOLK:  We have, though not completely, which is why we
5  were seeking discovery and supplemental briefing on that.
6       THE COURT:  To a certain extent, I think the defendant has
7  persuaded me that at this time I don't think discovery is
8  appropriate.  I mean, that's -- I have to share with you that
9  judges try and do their homework, they come out with an initial
10 impression, and I came out, back before last night, I was saying
11 why do you need discovery.  After last night I thought hmm, in an
12 abundance of caution, maybe I should be granting discovery because
13 I want to save everyone the time and have a complete record.
14      I'm now thinking hmm, in the spirit of Rule One of the
15 Rules of Civil Procedure of the most cost effective, speedy
16 resolution, perhaps the discovery that's outlined there is really
17 not necessary, that we have enough in the record.  If you think
18 there's something else that you would like to add to the record,
19 I'll be happy to consider it, but I don't know that the discovery
20 that has been outlined will necessarily contribute to a resolution
21 of this particular issue.
22      MR. WOLK:  Very well, Your Honor.  I understand.
23                          * * * * *
24
25

```
 1                    C E R T I F I C A T E
     I certify that the foregoing is a correct transcript from the
 2   record of proceedings in the above-entitled matter.

 3

 4

 5
                              /S/ Dawn M. Whitmarsh
 6   _____         _____
     Date                       DAWN M. WHITMARSH, RPR
 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```